1
2
3
4
5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

6
7

| | |
|---|---|
| BRYCE LEROY SPANGLER PROVANCE, a.k.a. BRYCE SPANGLER, | NO: 4:15-cv-05115-RMP |
| Plaintiff, | ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT AND ORDER DENYING MOTIONS |
| v. | |
| SUPERINTENDENT DONALD HOLBROOK, CUS CHARLES PEASE, CPM SUNDBERG, I&I JOHN DOE #1, and I&I JOHN DOE #2, | |
| Defendants. | |

8
9
10
11
12
13
14
15
16

Plaintiff, a prisoner at the Washington State Penitentiary, brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. By separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. ECF No. 11. Plaintiff seeks injunctive relief and monetary damages for alleged violations of the First, Eighth, and Fourteenth Amendments.

17
18
19
20

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

**PRISON LITIGATION REFORM ACT**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1),(2) and 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds*, 28 U.S.C. § 1915(d), *as stated in Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000); *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds*, 28 U.S.C. § 1915(d), *as stated in Lopez*, 203 F.3d at 1130–31; *Franklin*, 745 F.2d at 1227.

1    The facts alleged in a complaint are to be taken as true and must "plausibly

2    give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

3    Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The

4    complaint must contain more than "a formulaic recitation of the elements of a

5    cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must

6    plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at

7    570. On the basis of these standards, Plaintiff's present allegations fail to state a

8    claim upon which relief may be granted.

9    Furthermore, a prisoner may not bring a civil action for emotional or mental

10    injury that he suffered while in custody without showing a physical injury. 42

11    U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002).

12    **SECTION 1983**

13    Section 1983 requires a claimant to prove (1) a person acting under color of

14    state law (2) committed an act that deprived the claimant of some right, privilege,

15    or immunity protected by the Constitution or laws of the United States. *Leer v.*

16    *Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). A person deprives another "of a

17    constitutional right, within the meaning of section 1983, if he does an affirmative

18    act, participates in another's affirmative acts, or omits to perform an act which he

19    is legally required to do that causes the deprivation of which [the plaintiff

20    complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

To establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff must present a causal connection between named defendants and the conduct of which he complains. *See Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992), *abrogated in part on other grounds by Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1045 (9th Cir. 2002). Here, Plaintiff has failed to state how each of the named Defendants violated his constitutionally protected rights.

### EIGHTH AMENDMENT

Plaintiff asserts that since October 22, 2014, he has been housed in IMU South, where there are no outdoor recreation facilities, including no access to pull-up or dip bars. Plaintiff claims that he has not had outdoor recreation in more than a year and he anticipates being held in these conditions for an additional thirteen months, until his release from incarceration.

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

Plaintiff states that he grieved these conditions in February 2015. He asserts that an unidentified CUS answered the grievance, and an unidentified CPM answered his appeal. He avers that he appealed again on March 26, 2015.

The existence of an administrative remedy process does not create any substantive rights and mere dissatisfaction with the remedy process or its results cannot, without more, support a claim for relief for violation of a constitutional right. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Because Plaintiff does not have a protected liberty interest in the processing of his inmate appeals, he may not pursue a claim for relief against persons solely because they responded to his grievances or appeals.

Plaintiff asserts that he also sent kites to the Superintendent and to an unidentified CPM on March 19 and 22, 2015, and another kite to the Superintendent on April 27, 2015, complaining about the lack of outdoor recreation. Plaintiff complains that he has been denied action. He does not allege that the Superintendent or unidentified CPM actually received his kites. Plaintiff presents no facts showing that his health has deteriorated due to a lack of outdoor exercise.

To establish an Eighth Amendment violation in a conditions of confinement case, the inmate must show that the prison official acted with deliberate indifference to plaintiff's health or safety. *Farmer*, 511 U.S. at 835. Deliberate

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

1    indifference exists when the prison official "acted or failed to act despite his

2    knowledge of a substantial risk of serious harm." *Id*. at 842.

3         Under the Eighth Amendment, the pertinent inquiry is (1) whether the

4    alleged violation constitutes an infliction of pain or a deprivation of the basic

5    human needs, such as adequate food, clothing, shelter, sanitation, and medical care,

6    and (2) if so, whether prison officials acted with the requisite culpable intent such

7    that the infliction of pain is "unnecessary and wanton." *Id.* at 834.

8         Prison officials act with the requisite culpable intent when they act with

9    deliberate indifference to the inmates' suffering. *Id.*; *Wilson v. Seiter*, 501 U.S.

10    294, 302–03 (1991); *Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993). The

11    test for whether a prison official acts with deliberate indifference is a subjective

12    one: the official must "know[] of and disregard[] an excessive risk to inmate health

13    and safety; the official must both be aware of the facts from which the inference

14    could be drawn that a substantial risk of serious harm exists, and he must also draw

15    the inference." *Farmer*, 511 U.S. at 837. Plaintiff has presented no facts from

16    which the Court could infer that identified Defendants acted with deliberate

17    indifference to his health or safety.

18         Furthermore, a supervising state official such as Defendant Superintendent

19    Holbrook may be liable under § 1983 only if he "knew of the violation[] and failed

20    to prevent [it]," *Taylor*, 880 F.2d at 1045, or he established a custom or policy that

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

led to the violation. *See Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 680 (9th Cir. 1984); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor can only be held liable for his or her own culpable action or inaction). Here, Plaintiff has presented no facts showing Defendant Holbrook was aware of constitutional violations or that any alleged violations were caused by a custom or policy he established.

If Plaintiff wishes to pursue an Eighth Amendment claim regarding the denial of outdoor exercise, he must identify the Defendant(s) who denied him outdoor exercise, either through a policy they promulgated, a policy they enforced against him, or simply by their own actions constituting deliberate indifference to his suffering.

## DUE PROCESS

Plaintiff contends that his due process rights were violated when he was removed from class just three weeks prior to completion, received a level demotion and was told that he would have to take the class over again. Plaintiff asserts that on or about October 14, 2015, Defendant CUS Pease informed Plaintiff of the demotion and his removal from the class with the only explanation being "We don't want people like you down here [in the program pods]." Plaintiff states that he was then moved to a cell with "nothing."

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

1  Plaintiff complains that he was taken out of "MOC," which prevents him

2  from completing IMU program requirements which would expedite his release

3  from IMU. He asserts that he will have to remain in the "hole" for at least another

4  year and that an unidentified CPM approved of these actions. Plaintiff contends

5  that he is being punished without hearings or notification. He asserts that he has

6  written to the warden and has been denied aid.

7  Plaintiff claims that he recently learned that "I & I is investigating [him]"

8  and that he is not allowed to program during this investigation. He asserts that this

9  is the justification given for "kicking" him out of class and requiring him to start

10  his program over without a hearing. He alleges that this is in retaliation for filing

11  unspecified grievances against unidentified persons in "I & I" and an unidentified

12  CUS. He complains that "no matter what happens," he will have to re-start his

13  program. He contends that this has affected his transfer to another facility which

14  would have enabled him to visit with his family. He further complains that he will

15  not receive back thirty days of good time that was previously taken.

16  In essence, Plaintiff is complaining that the mechanism by which he might

17  earn his way out of the IMU, and enjoy certain privileges, has been taken away

18  from him. In the Ninth Circuit, a prisoner has no protected constitutional right to a

19  prison job or educational opportunities. *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th

20  Cir. 1985); *Baumann v. Ariz. Dept. of Corrs.*, 754 F.2d 841, 846 (9th Cir. 1985);

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

*Hoptowit v. Ray*, 682 F.2d 1237, 1254–55 (9th Cir. 1982). Neither the due process clause nor Washington law creates a liberty interest in prison education or rehabilitation classes. *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987).

Furthermore, prison officials are given full discretion to control prisoner classification, and neither the Due Process Clause nor Washington State law creates a liberty interest in a particular classification. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Lucero v. Russell*, 741 F.2d 1129, 1129 (9th Cir. 1984); *Hernandez*, 833 F.2d at 1318 (a state prisoner does not have a liberty interest in a particular classification status). Plaintiff does not state how classification decisions have adversely affected his eligibility for parole or good time credits. He simply asserts that he will not be given back good time credits that were already taken.

Plaintiff's claim of a due process violation based on the denial of educational privileges, which would have accelerated his departure from the IMU, has no arguable basis in law. *See Neitzke*, 490 U.S. at 325. Conditions are not unconstitutional simply because they are harsh and restrictive; such conditions are "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

## RETALIATION

Plaintiff states that on January 22, 2015, he had filed an emergency grievance regarding the manner in which another inmate was being treated. He

asserts that an unidentified CUS responded that he would "make [Plaintiff's] life miserable and keep [him] in [the hole] a long time," and that if Plaintiff "didn't keep [his] mouth shut about what was going on and quit writing grievances [he] would 'be charged w/ what brought the other inmate to the hole on the streets . . . because you two are both the same color & your [sic] a gang member.'" ECF No. 1 at 6.

Plaintiff asserts that after he grieved these statements, he was moved "to a disgusting cell with piss all over the floor & given no cleaning gear." Plaintiff complains that his kites, grievances and handbook were thrown away, and that he did not receive lunch the following day. He also claims that his "store was lost." To the extent Plaintiff is asserting that he was threatened in retaliation for engaging in the grievance process and his conditions of his confinement were changed in retaliation for engaging in the grievance process, he may have a First Amendment claim. He fails, however, to state who violated his First Amendment rights on January 22, 2015.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Although Plaintiff has a right to file prison grievances, the bare assertion of retaliatory motive does not suffice to support a claim. *Watison*, 668 F.3d at 1114; *Brodheim*, 584 F.3d at 1269.

If Plaintiff wishes to pursue retaliation claims, he must specify who retaliated against him and present specific facts supporting a plausible claim that adverse action was taken against him because of his engagement in conduct protected under the First Amendment. He should avoid repetition.

Plaintiff also appears to allege an unspecified person had "I&I" take Plaintiff's religious and business papers, as well as papers pertaining to this lawsuit and  infracted Plaintiff in order to retain him in IMU. Plaintiff does not state when this occurred. In the absence of factual allegations, it is unclear whether all of Plaintiff's claims were administratively exhausted prior to the submission of his complaint.

## EXHAUSTION

A prisoner may not bring a lawsuit with respect to conditions of confinement under § 1983 unless all available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a); *see Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934–35 (9th Cir. 2005). Plaintiff should note that a

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

1 failure to exhaust any available administrative remedies would be cause for

2 dismissal of the action.

3       Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534

4 U.S. 516, 523 (2002), regardless of the type of relief offered through the

5 administrative process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Proper

6 exhaustion requires using all steps of an administrative process and complying

7 with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81,

8 90 (2006); *see also Jones v. Bock,* 549 U.S. 199, 218 (2007) ("it is the prison's

9 requirements, and not the PLRA, that define the boundaries of proper

10 exhaustion.").

11       Exhaustion must precede the filing of the complaint and compliance with the

12 statute is not achieved by satisfying the exhaustion requirement during the course

13 of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). A prisoner

14 must exhaust his administrative remedies before he tenders his complaint to the

15 district court. *Vaden*, 449 F.3d at 1050; *Cano v. Taylor*, 739 F.3d 1214, 1220–21

16 (9th Cir. 2014) (a claim may be exhausted prior to filing suit or during suit, so long

17 as exhaustion was completed before the first time the prisoner sought to include the

18 claim in the suit).

19 ///

20 ///

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

**INFRACTION/DUE PROCESS/EIGHTH AMENDMENT**

Plaintiff appears to assert that he was issued an infraction to keep him from earning a better custody level. He does not state when this occurred. Elsewhere, Plaintiff states that he was infracted for "trying to start an [sic] STG Group because of Articles of incorporation." The Court understands that an STG is a Security Threat Group. Although Plaintiff does not state when this happened, he asserts that he "beat" the infraction.

An inmate has no constitutionally guaranteed protection from being wrongly accused of conduct; rather, he has a constitutional right not to be deprived of a protected liberty interest without due process. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). According to the United States Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472 (1995), a district court must focus on the nature of the deprivation imposed when determining whether an inmate is entitled to procedural due process protections.

To invoke such protections a prison restraint must impose "atypical and significant hardship on the inmate in relation to his ordinary incidents of prison life." *Id.* at 483–84. As stated in *Meachum v. Fano*, 427 U.S. 215 (1976), the Due Process Clause does not protect every change in the conditions of confinement, not even ones having a "substantial adverse impact" on the prisoners. *Id.* at 224. Here,

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

Plaintiff indicates that he "beat" the infraction, and therefore, no protectable liberty interest was implicated under *Sandin*.

Plaintiff contends that on November 17, 2015, which was twelve days after he signed the complaint form, ECF No. 1 at 4, and three days before he mailed his initial complaint to the Court, ECF No. 1-1, two unknown I & I officers came to interrogate him. Plaintiff claims that they threatened him with additional time and the taking of good time if he refused to "inform on whites."

Plaintiff claims these officers threatened that if Plaintiff "refused to debrief" (i.e., provide information on gangs), then he would remain in IMU until his release. Plaintiff claims they stated that they had "the Power [sic] to send [Plaintiff] where [he] want[ed] to go or to keep [him] in the hole . . . ." Plaintiff claims they also threatened to "change [his] release date and take all of [his] good time if [he] didn't work for them."

Plaintiff indicates that when he informed the officers he is "maxed out" and has no good time left, they threatened to "make [his probation] hell, revoke it, do what [they] want." He claims that when he informed them that he would not be on probation, they threatened to take his kids, and "charge [him] on the streets" if Plaintiff does not "work for them." Plaintiff claims that a program to better himself is being withheld unless he will "debrief" regarding gangs.

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

The Supreme Court has determined that a prisoner has no federal or state protected liberty interest in due process when the sanction imposed neither extends the length of his sentence nor is "atypical and significant" in relation to the "ordinary incidents of prison life." [1] *See Sandin*, 515 U.S. at 483–487. Unless and until Plaintiff's sentence is actually lengthened, he may not assert his due process claim under this theory. This Court has no power to enjoin future speculative injury.

Furthermore, "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (name calling and verbal threats are not constitutional violations cognizable under section 1983); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations); *Shelly v. Johnson*, 684 F. Supp. 941, 946–47 (W.D. Mich 1987), *affirmed,* 849 F.2d 228 (6th Cir. 1988) (alleged

---

[1] The conditions in the IMU claimed to constitute an Eighth Amendment violation (i.e. lack of outdoor recreation) existed even before Plaintiff claims his right to due process was violated by his demotion and removal from class.

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

harassment and threats even with a guard pointing a loaded gun at an inmate did

not rise to the level of constitutional violation).

The facts alleged by Plaintiff do not support a claim that he was subjected to

cruel and unusual punishment in violation of the Eighth Amendment. To the extent

these officers are the John Does listed as Defendants to this action, it is unclear

how any grievance regarding their conduct on November 17, 2015, could have

been exhausted prior to the submission of this lawsuit.

### FIRST AMENDMENT

Plaintiff complains that at this same I&I meeting, his First Amendment

rights were violated. He states that he had sent a letter to Mr. Thrasher, the head of

classification, on or about October 20th of an unspecified year. He claims that

"they" seized it and failed to notify Plaintiff or provide him the opportunity to

appeal the confiscation of his outgoing mail. Plaintiff avers that he "lost his temper

and spoke briskly at them," and did not learn the reason the letter was confiscated.

Prisoners have a First Amendment right to send and receive mail. *See*

*Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). Prison officials, however, may

intercept and censor outgoing mail concerning escape plans, proposed criminal

activity, or encoded messages. *See Procunier v. Martinez*, 416 U.S. 396, 413

(1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989);

*see also Witherow*, 52 F.3d at 266. Again, it does not appear that a First

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

Amendment censoring claim brought to Plaintiff's attention on November 17,

2015, could have been exhausted prior to the submission of the complaint.

### OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS COMPLAINT

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant

must be given the opportunity to amend his complaint to correct any deficiencies.

*Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on*

*other grounds*, 28 U.S.C. § 1915(e)(2), *as stated in Aktar v. Mesa*, 698 F.3d 1202,

1212 (9th Cir. 2012). Plaintiff may submit an amended complaint within **sixty (60)**

**days** of the date of this Order which includes sufficient facts to establish federal

subject-matter jurisdiction. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir.

1980) (citations omitted).

Plaintiff's amended complaint shall consist of a **short** and **plain** statement

showing he is entitled to relief. Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights,

(2) the dates on which the conduct of each Defendant allegedly took place, and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Furthermore, Plaintiff shall set forth his factual allegations in separate numbered

paragraphs. THIS AMENDED COMPLAINT WILL OPERATE AS A

COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

TO) THE PRESENT COMPLAINT. Plaintiff shall present his complaint on the form provided by the Court as required by LR 10.1(i), Local Rules for the Eastern District of Washington. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **IT MUST BE CLEARLY LABELED THE "FIRST AMENDED COMPLAINT" and cause number 4:15-cv-05115-RMP must be written in the caption.**

**PLAINTIFF IS CAUTIONED THAT IF HE FAILS TO AMEND WITHIN 60 DAYS AS DIRECTED, THE COURT WILL DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).** Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner, who brings three or more civil actions or appeals which are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

If Plaintiff chooses to amend his complaint and the Court finds the amended complaint is frivolous, malicious, or fails to state a claim, the amended complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). Such a dismissal would count as one of the dismissals under 28 U.S.C. § 1915(g).

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

Alternatively, the Court will permit Plaintiff to voluntarily dismiss his Complaint pursuant to Rule 41(a), Federal Rules of Civil Procedure. Plaintiff may submit the attached Motion to Voluntarily Dismiss the Complaint within **sixty (60) days** of the date of this Order or risk dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and a "strike" under 28 U.S.C. § 1915(g). A voluntary dismissal within this sixty day period will not count as a strike.

Plaintiff is still obligated to pay the full filing fee of $350.00. However, if Plaintiff elects to take a voluntary dismissal within the sixty day period, Plaintiff may simultaneously file a separate Affidavit and Motion to waive collection of the remaining balance of the filing fee in this action. The Court will grant such a motion only for good cause shown. In no event will prior partial payments be refunded to Plaintiff.

## MOTION FOR APPOINTMENT OF COUNSEL

Also before the Court is Plaintiff's Motion for Appointment of Counsel, ECF No. 9, dated November 2, 2015, but not filed until January 8, 2016. It was noted for hearing on February 8, 2016, but heard without oral argument on the date signed below.

Plaintiff presented his "Motion for Appointment of Counsel" pursuant to the habeas statute 28 U.S.C. § 2254. It appears this form was used in error as this action was commenced as a civil rights complaint under 42 U.S.C. § 1983.

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

1    The Court has discretion to designate counsel pursuant to 28 U.S.C.

2    § 1915(e)(1) only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d

3    1015, 1017 (9th Cir. 1991). Determining whether exceptional circumstances exist

4    requires evaluating "the likelihood of success on the merits and plaintiff's ability to

5    articulate his claims *pro se* in light of the complexity of the legal issues involved."

6    *Id.* (citation omitted).

7        In support of his Motion, Plaintiff asserts that he is unable to afford counsel

8    and his imprisonment is a great hindrance to his litigation. He contends that his

9    claims are complex and he has limited access to the law library.  Plaintiff's

10   circumstances are not unlike other incarcerated individuals.

11       In this Order, the Court has provided Plaintiff with relevant legal standards

12   and directed him how to present a legally sufficient complaint. Accordingly, the

13   record does not reflect exceptional circumstances which warrant the appointment

14   of counsel to assist Plaintiff at this time. Therefore**, IT IS ORDERED** Plaintiff's

15   Motion, ECF No. 9, is **DENIED**.

16                          **MOTION TO AMEND**

17       Plaintiff has also filed a Motion to Amend, and a proposed 20-page amended

18   complaint. The Court has reviewed this document and finds that it does not

19   sufficiently cure the deficiencies of the initial complaint. It is not a short and plain

20   statement of the facts showing Plaintiff is entitled to relief.

1    Furthermore, it does not appear that any of the proposed newly added claims

2  were exhausted prior to the submission of this document. Therefore, for the

3  reasons set forth above and in light of the fact that the Court has directed Plaintiff

4  to amend, **IT IS ORDERED** the Motion to Amend, ECF No. 10, is **DENIED as**

5  **moot.**

6    **IT IS SO ORDERED**. The District Court Executive is directed to enter this

7  Order and forward a copy to Plaintiff, along with a form Motion to Voluntarily

8  Dismiss Complaint, **and a civil rights complaint form.**

9    The District Court Executive is directed to enter this Order and forward a

10  copy to Plaintiff, along with a form Motion to Voluntarily Dismiss Complaint, **and**

11  **a civil rights complaint form.**

12    **DATED** this 14th day of January 2016.

13

14      _____*s/ Rosanna Malouf Peterson*_____

      ROSANNA MALOUF PETERSON
15      Chief United States District Court Judge

16

17

18

19

20

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

1

2

3

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

5

6

7

8

9

10

11

BRYCE LEROY SPANGLER
PROVANCE, a.k.a. BRYCE
SPANGLER,

       Plaintiff,

   v.

SUPERINTENDENT DONALD
HOLBROOK, CUS CHARLES
PEASE, CPM SUNDBERG, I&I
JOHN DOE #1, and I&I JOHN DOE
#2,

      Defendants.

NO: 4:15-cv-05115-RMP

MOTION TO VOLUNTARILY
DISMISS COMPLAINT

12

13

14

15

16

     Plaintiff BRYCE LEROY SPANGLER PROVANCE requests the court

grant his Motion to Voluntarily Dismiss the Complaint pursuant to Rule 41(a),

Federal Rules of Civil Procedure. Plaintiff is proceeding *pro se*; Defendants have

not been served in this action.

     **DATED** this___day of ____2015.

17

18

19

20

                           _____
                           BRYCE LEROY SPANGLER PROVANCE

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1